21-6221
Valderamos-Madrid v. Garland

BIA
Prieto, IJ
A201 608 828

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand twenty-three.

PRESENT:
> JON O. NEWMAN,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> > *Circuit Judges.*

_____

CRISTIAN ARMANDO VALDERAMOS-MADRID,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

21-6221
NAC

**FOR PETITIONER:**               Lorne J. Kelman, Esq., Valley Stream, NY.

**FOR RESPONDENT:**           Brian Boynton, Acting Assistant Attorney General; Kiley Kane, Senior Litigation Counsel; Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Cristian Armando Valderamos-Madrid, a native and citizen of Honduras, seeks review of a March 10, 2021, decision of the BIA affirming a September 14, 2020, decision of an Immigration Judge ("IJ") denying his application withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Cristian Valderamos-Madrid*, No. A201 608 828 (B.I.A. Mar. 10, 2021), *aff'g* No. A201 608 828 (Immig. Ct. N.Y. City Sept. 14, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

The government argues that we should "dismiss the petition for lack of jurisdiction" because Valderamos-Madrid was issued a reinstated removal order on November 21, 2019, "and he did not file a petition for review of that decision

2

until April 8, 2021, well after the thirty-day filing deadline." Respondent's Letter Brief in Response to the Court's April 10, 2023, Order at 1, *Valderamos-Madrid v. Garland*, No. 21-6221 (2d Cir. Apr. 11, 2023), ECF No. 30. We agree.

Our jurisdiction is limited to petitions for review filed within 30 days of "final order[s] of removal." 8 U.S.C. § 1251(a)(1), (b)(1). We lack jurisdiction over Valderamos-Madrid's petition because the 2021 BIA decision—the only decision as to which the petition would be timely—is a decision in withholding-only proceedings that does not constitute a final order of removal. *See Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 190-91 (2d Cir. 2022). The BIA's decision denying CAT protection following the reinstatement of Valderamos-Madrid's prior removal order is not itself an order of removal because it does not "determine whether [he] is deportable," "order deportation," or "affect the validity of any determination regarding [his] deportability or deportation." *Id.* at 190 (internal quotation marks omitted); *see also Thompson v. Garland*, No. 20-3895, 2023 WL 33336, at *1 (2d Cir. Jan. 4, 2023).

Valderamos-Madrid's 2021 petition is untimely as to his removal order because it was not filed within 30 days of his 2019 removal order or the reinstatement of that order on November 21, 2019. *Bhaktibhai-Patel*, 32 F.4th at 190-

3

95; *see also* 8 U.S.C. § 1252(b)(1) (30-day deadline for petition for review); *Luna v. Holder*, 637 F.3d 85, 92 (2d Cir. 2011) ("Th[e] 30-day filing requirement is jurisdictional and is not subject to equitable tolling.") (internal quotation marks omitted).

For the foregoing reasons, the petition for review is dismissed. All pending motions and applications are denied and stays vacated.

<div style="margin-left: 40%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe,<br>
Clerk of Court
</div>